**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LORI CONNORS, | ) |
| Plaintiff(s), | ) Case No. 2:15-cv-02379-JCM-NJK |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| CAROLYN W. COLVIN, ACTING | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant(s). | ) |
| | ) |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. Ch. 7. Currently pending before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket Nos. 22-23. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket Nos. 24-25. No reply was filed. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.   STANDARDS**

   A.   <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a

1   review of such decision by a civil action . . . brought in the district court of the United States for the

2   judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript

3   of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social

4   Security, with or without remanding the cause for a rehearing." *Id.*

5           The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence.

6   42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits

7   if the Commissioner applied the proper legal standard and there is substantial evidence in the record as

8   a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth

9   Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is

10  such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

11  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's

12  findings are supported by substantial evidence, the Court reviews the administrative record as a whole,

13  weighing both the evidence that supports and the evidence that detracts from the Commissioner's

14  conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

15          Under the substantial evidence test, the Commissioner's findings must be upheld if supported

16  by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190,

17  1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court

18  must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

19  Consequently, the issue before this Court is not whether the Commissioner could reasonably have

20  reached a different conclusion, but whether the final decision is supported by substantial evidence.

21          It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to

22  the basis of the findings when determining if the Commissioner's decision is supported by substantial

23  evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where

24  appropriate, should include a statement of subordinate factual foundations on which the ultimate factual

25  conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez*

26  *v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

27

28

2

1

B.    Disability Evaluation Process

2       The individual seeking disability benefits bears the initial burden of proving disability. *Roberts*

3  *v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995).  To meet this burden, the individual must demonstrate the

4  "inability to engage in any substantial gainful activity by reason of any medically determinable physical

5  or mental impairment which can be expected . . . to last for a continuous period of not less than 12

6  months." 42 U.S.C. § 423(d)(1)(A).  More specifically, the individual must provide "specific medical

7  evidence" in support of his claim for disability.  *See, e.g.*, 20 C.F.R. § 404.1514.  If the individual

8  establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show

9  that the individual can perform other substantial gainful work that exists in the national economy.

10  *Reddick*, 157 F.3d at 721.

11       The ALJ follows a five-step sequential evaluation process in determining whether an individual

12  is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920).  If

13  at any step the ALJ determines that he can make a finding of disability or nondisability, a determination

14  will be made and no further evaluation is required.  *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003);

15  *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The first step requires the ALJ to determine

16  whether the individual is currently engaging in substantial gainful activity ("SGA").  20 C.F.R. §§

17  404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves

18  doing significant physical or mental activities usually for pay or profit.  20 C.F.R. §§ 404.1572(a)-(b),

19  416.972(a)-(b).  If the individual is currently engaging in SGA, then a finding of not disabled is made.

20  If the individual is not engaging in SGA, then the analysis proceeds to the second step.

21       The second step addresses whether the individual has a medically determinable impairment that

22  is severe or a combination of impairments that significantly limits him from performing basic work

23  activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not

24  severe when medical and other evidence establish only a slight abnormality or a combination of slight

25  abnormalities that would have no more than a minimal effect on the individual's ability to work.  20

26

27

28

1   C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does
2   not have a severe medically determinable impairment or combination of impairments, then a finding of
3   not disabled is made. If the individual has a severe medically determinable impairment or combination
4   of impairments, then the analysis proceeds to the third step.

5       The third step requires the ALJ to determine whether the individual's impairments or
6   combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R.
7   Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925,
8   416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a
9   listing and meet the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled
10  is made. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the individual's impairment or combination of
11  impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the
12  analysis proceeds to the next step.

13      Before considering step four of the sequential evaluation process, the ALJ must first determine
14  the individual's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). The residual
15  functional capacity is a function-by-function assessment of the individual's ability to do physical and
16  mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p.
17  In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to
18  which the symptoms can reasonably be accepted as consistent with the objective medical evidence and
19  other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 16-3p. An ALJ will consider the
20  claimant's statements regarding the intensity, persistence, and limiting effects of symptoms, and will
21  further evaluate whether the statements are consistent with objective medical evidence and the other
22  evidence. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the
23  requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

24

25  _____

26      [1] SSRs constitute the Social Security Administration's official interpretations of the statute it
27  administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009);
    *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with
28  the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW").  20 C.F.R. §§ 404.1520(f), 416.920(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.  If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g).  If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.    BACKGROUND**

　　A.    Procedural History

On October 1, 2013, Plaintiff filed applications for disability insurance benefits and supplemental security income alleging that she became disabled on August 1, 2013.  *See, e.g.*, Administrative Record ("A.R.") 215-30.  Plaintiff's claims were denied initially on February 10, 2014, and upon reconsideration on May 19, 2014.  A.R. 139-42, 149-56.  On June 5, 2014, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ").  A.R. 157-58.  On April 2, 2015, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Cynthia R. Hoover.  *See* A.R. 52-97.  On June 25, 2015, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, through the date of the decision.  A.R. 24-51.  The ALJ's decision

became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on October 8, 2015.  A.R. 1-8.

On December 14, 2015, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).  *See* Docket No. 1.

B.      The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920, and issued an unfavorable decision on June 25, 2015.  A.R. 27-51.  At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2018 and has not engaged in substantial gainful activity since August 1, 2013.  A.R. 32.  At step two, the ALJ found that Plaintiff has the following severe impairments: history of spinal meningitis; hepatitis C; cirrhosis of the liver; and degenerative disc disease of the lumbar and cervical spine.  A.R. 33-36.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  A.R. 37.

The ALJ found that Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she may only frequently balance, stoop, kneel, crouch or crawl; occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; and must avoid exposure to workplace hazards such as dangerous moving machinery and unprotected heights.  A.R. 37-42.  At step four, the ALJ found Plaintiff was capable of performing her past relevant work as a housekeeper and floor housekeeper.  A.R. 42.  Based on all of these findings, the ALJ found Plaintiff not disabled and denied the applications for a period of disability and disability insurance benefits and supplemental security income.  *See* A.R. 42-43.

III.    ANALYSIS AND FINDINGS

Plaintiff seeks reversal and/or remand of the ALJ's decision on the grounds that (1) the ALJ improperly rejected the opinion of Plaintiff's treating physician; (2) the ALJ improperly evaluated the opinion of the examining psychological expert; (3) the ALJ improperly relied on Plaintiff's hand-held assistive device in formulating the RFC; and (4) the ALJ's adverse credibility finding was improper.  The Court addresses each issue in turn below.

6

1

      A.     Rejection of Plaintiff's Treating Physician Opinion

2        Plaintiff argues that the ALJ improperly rejected the opinion of her treating physician, Dr. John

3 Ryan.  *See* Docket No. 23 at 10-16.  A treating physician's medical opinion as to the nature and severity

4 of an individual's impairment is entitled to controlling weight when that opinion is well-supported and

5 not inconsistent with other substantial evidence in the record.  *See, e.g.*, *Edlund v. Massanari*, 253 F.3d

6 1152, 1157 (9th Cir. 2001).  Even when not controlling, such opinions are entitled to deference and must

7 be weighed properly pursuant to applicable regulations.  *See, e.g.*, *id.*  Nonetheless, the opinion of a

8 treating physician is not necessarily conclusive as to the existence of an impairment or the ultimate issue

9 of a claimant's disability.  *See, e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002).  If a treating

10 doctor's opinion is not contradicted by another doctor, the ALJ may only reject the treating doctor's

11 opinion for "clear and convincing" reasons supported by substantial evidence in the record.  *See, e.g.*,

12 *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008).[2]  Moreover, "the ALJ need

13 not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory

14 and inadequately supported by clinical findings."  *Thomas*, 278 F.3d at 957.

15        Plaintiff argues that Dr. Ryan's opinions show that she can engage in only sedentary work.  *See*

16 Docket No. 23 at 11.  Plaintiff further posits that the limitations identified by Dr. Ryan, if adopted,

17 would likely result in Plaintiff's entitlement to benefits.  *See id*. at 11-12.  Plaintiff argues the ALJ erred

18 in giving little weight to Dr. Ryan's opinion without articulating sufficient reasons for doing so.  *See id.*

19 at 12-16.  For example, Plaintiff argues the ALJ erred in finding Dr. Ryan's opinion to be inconsistent

20 with the medical record.  *See id.* at 14-15.  In the end, Plaintiff contends that the ALJ merely applied her

21 own lay opinion in rejecting Dr. Ryan's opinion.  *See id.* at 15.

22        The Commissioner disagrees, arguing that the ALJ properly discounted Dr. Ryan's opinion.  In

23 particular, the Commissioner recites several reasons provided for doing so: (1) that Dr. Ryan only saw

24 Plaintiff every six months; (2) that Dr. Ryan's questionnaire was contradicted by the objective evidence

25

--------

26      [2] While the Commissioner disagrees with the Ninth Circuit case law establishing the "clear and

27 convincing" standard, she does not argue that Dr. Ryan's opinion was contradicted such that a lower
standard applies under the framework established by the Ninth Circuit.  *See* Docket No. 25 at 5 n.2.

28 Accordingly, the Court applies the "clear and convincing" standard here.

1    in the medical record; and (3) that Plaintiff's condition was treated effectively. *See* Docket No. 25 at

2    5-7. The Commissioner further cites to other medical evidence supporting the RFC adopted by the ALJ.

3    *Id.* at 6-9.

4          The Commissioner has the better argument. The ALJ gave the questionnaire completed by Dr.

5    Ryan little weight because he only saw Plaintiff once every six months, Dr. Ryan's opinions were

6    contradicted by the record, and Plaintiff's condition was treated effectively. A.R. 41. Each of these

7    considerations is supported by substantial evidence and each is a proper factor on which an ALJ may

8    discount a physician's opinion. *See, e.g.*, *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.2 (9th Cir.

9    2001) (a treating physician's opinion may be entitled to little if any weight if he has not seen the patient

10   sufficiently to have obtained a proper picture of the impairment); *Thomas*, 278 F.3d at 957 (an opinion

11   may be discounted if inconsistent with the record); *Warre v. Comm'r of Social Sec. Admin.*, 439 F.3d

12   1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not

13   disabling for the purpose of determining eligibility for SSI benefits").

14         **B.**    <u>Evaluation of Examining Psychological Expert Opinion</u>

15         Plaintiff next argues that the ALJ erred in failing to properly consider the evaluation of Dr. John

16   Paglini, who performed a psychological consultative examination. Docket No. 23 at 17-23. The ALJ

17   gave some weight to Dr. Paglini's findings regarding Plaintiff's ability to perform simple 1-2 step tasks

18   and to interact appropriately with others, but gave little weight to the opinion that Plaintiff cannot

19   perform more detailed or complex tasks. A.R. 36. The ALJ instead gave great weight to the opinions

20   of state agency psychological consultants. *See id.* Plaintiff contends that the ALJ erred in doing so

21   because she failed to explain how the weight that was given to Dr. Paglini's opinion translated to no

22   mental limitations and improperly found that Dr. Paglini's opinion was inconsistent with the record,

23   including Plaintiff's history of taking Lorazepam for anxiety. Docket No. 23 at 20-23.

24         The Commissioner responds that the ALJ's consideration of Dr. Paglini's opinion was proper.

25   In particular, the Commissioner argues that the ALJ properly gave less weight to Dr. Paglini's more

26   severe or moderate findings to account for Plaintiff's hunger and potential inaccuracy due to her

27   impulsiveness during the examination. *See* Docket No. 25 at 10. The Commissioner also argues that

28   the ALJ properly found more significant limitations found by Dr. Paglini to be inconsistent with the

1    longitudinal record. *See id.* at 10-11. Lastly, the Commissioner argues that the ALJ properly used these

2    reasons to afford more weight to the contrary opinions of the state agency psychological consultants, who

3    reviewed the record and opined that there was insufficient evidence of a severe mental limitation.

4    Docket No. 25 at 11.

5           The Commissioner has the better argument. The ALJ outlined several reasons for giving little

6    weight to Dr. Paglini's opinion regarding Plaintiff's ability to perform more detailed or complex tasks:

7    (1) there were concerns regarding effort and validity given Plaintiff's hunger and impulsiveness during

8    the examination; and (2) the longitudinal record did not support a finding of more significant mental

9    limitations than those found by the ALJ, including that Plaintiff lacked a history of documented

10   complaints or formal mental health treatment. A.R. 36. Each of these considerations is supported by

11   substantial evidence and each is a proper factor on which an ALJ may discount a physician's opinion.

12   *See, e.g.*, *Thomas*, 278 F.3d at 957 (an opinion may be discounted if inconsistent with the record);

13   *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (an opinion may be discounted if based on

14   an examination during which the accuracy of the claimant's responses was undermined). The ALJ did

15   not err in instead relying on the opinions of the state agency psychological consultants. *See Andrews v.*

16   *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (ALJs are responsible for resolving conflicts in the medical

17   testimony and resolving ambiguities).

18          C.    Consideration of Hand-Held Assistive Device

19          Plaintiff next argues that the ALJ erred in her RFC formulation by failing to sufficiently account

20   for Plaintiff's use of a walker. Docket No. 23 at 23-25. In particular, Plaintiff points to notations in the

21   record of her use of a walker and her testimony that she needs to use a walker after 30 minutes of

22   standing or walking. *See id.* The Commissioner argues that the ALJ's determination that a walker is

23   not medically necessary is supported by substantial evidence. Docket No. 25 at 12.

24          The Commissioner has the better argument. The ALJ concluded that a walker or other assistive

25   device is not medically necessary. A.R. 41. Substantial evidence supports that determination, including

26   the medical record that Plaintiff's gait is intact, and that her strength and stability are normal. *See, e.g.*,

27   A.R. 784. While Plaintiff may have preferred that the ALJ give more weight to other evidence, such

28   as her testimony, the ALJ's determination regarding the walker is supported by substantial evidence and

1    will not be overturned by this Court. *Cf. Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("the

2    key question is not whether there is substantial evidence that could support a finding of disability, but

3    whether there is substantial evidence to support the Commissioner's actual finding that the claimant is

4    not disabled").

5                   D.      Adverse Credibility Determination

6            Plaintiff lastly argues that the ALJ erred in making an adverse credibility determination. Docket

7    No. 23 at 25-27.  The ALJ is required to engage in a two-step analysis to evaluate credibility: (1)

8    determine whether the individual presented objective medical evidence of an impairment that could

9    reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if the

10   individual has satisfied the first step of the test with no evidence of malingering, the ALJ may only reject

11   the individual's testimony about the severity of the symptoms by giving specific, clear, and convincing

12   reasons for the rejection. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). To support a finding

13   of less than fully credible, the ALJ is required to point to specific facts in the record that demonstrate

14   that the individual's symptoms are less severe than she claims. *See id.* at 592. "Factors that an ALJ may

15   consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in

16   testimony or between testimony and conduct, daily activities, and unexplained, or inadequately

17   explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, 495 F.3d

18   625, 636 (9th Cir. 2007) (internal quotation marks and citations omitted).  If an ALJ's adverse credibility

19   determination is supported by substantial evidence, the court should not second-guess that determination.

20   *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).

21           Plaintiff argues that the ALJ erred in making an adverse credibility determination because that

22   determination did not include sufficient consideration of Plaintiff's strong work history.  Docket No. 23

23   at 26-27.[3]  The Commissioner responds that the adverse disability determination was based on proper

24   factors that were supported by substantial evidence, including the lack of objective clinical findings to

25   _____

26           [3] Plaintiff also incorporates her arguments with respect to the ALJ's treatment of the expert opinions,
     which Plaintiff asserts also undermine the ALJ's credibility determination.  *See* Docket No. 23 at 25-26.
27   For the reasons discussed above, however, the Court finds that the ALJ did not err in her treatment of those
     expert opinions.
28

support her alleged conditions, evidence of symptom exaggeration, the conservative nature of her treatment and improvement through medication, and inconsistent statements regarding drug use. *See* Docket No. 25 at 14-16. The Commissioner contends that the lack of any explicit discussion of Plaintiff's work history does not negate this substantial evidence supporting the ALJ's adverse credibility determination. *See id.* at 14.

The Commissioner has the better argument. The reasons stated by the ALJ for the adverse credibility determination are all proper under the case law and are all supported by substantial evidence. While it may be that a strong work history may militate against an adverse credibility determination, that work history is simply one factor among many to be considered by the ALJ and is not dispositive of the credibility determination. *See, e.g.*, *Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016). As such, an ALJ's silence on a claimant's strong work history is not enough to negate the substantial evidence supporting an adverse credibility finding. *Id.*

## IV.    CONCLUSION

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and the ALJ did not commit legal error.

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 22) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 24) be **GRANTED**.

DATED:   December 7, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

1

<u>NOTICE</u>

2

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be**

3

**in writing and filed with the Clerk of the Court within 14 days of service of this document.** The

4

Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to

5

the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This

6

circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly

7

address and brief the objectionable issues waives the right to appeal the District Court's order and/or

8

appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th

9

Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28